# **EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---

GERALD HURM,

                  Plaintiff(s),

-against-

GRUMA CORPORATION d/b/a MISSION FOODS and GUERRERO MEXICAN FOOD PRODUCTS,

                  Defendant(s).

---

Index No.

**Summons**

Date Index No. Purchased:

To the above named Defendant(s)
GRUMA CORPORATION d/b/a MISSION FOODS and GUERRERO MEXICAN FOOD PRODUCTS, etc.

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is Defendant's state of business, which is

Dated: June 11, 2021

                                KANTROWITZ, GOLDHAMER, et al.

                                by _____
                                Sam B. Smith
                                Attorneys for Plaintiff
                                747 Chestnut Ridge Road, Suite 200
                                Chestnut Ridge, New York 10997
                                (845) 356-2570
                                ssmith@kgglaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------x
GERALD HURM,

                Plaintiff,

-against-

GRUMA CORPORATION d/b/a MISSION
FOODS and GUERRERO MEXICAN
FOOD PRODUCTS,

                Defendant.
-----------------------------------------------------------x

Index No.:

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This is an action brought on behalf of Plaintiff, Gerald Hurm ("Plaintiff"), who formerly operated, as a distributor, and worked for Defendant Gruma Corporation ("Gruma"), d/b/a Mission Foods and Guerrero Mexican Food Products, etc. ("Defendant") and challenges its unlawful misclassification of him as an independent contractor instead of an employee. Plaintiff alleges violations of the New York Labor Law § 193 *et. seq.* and seeks remedies for statutory and common law violations that denied him the rights, obligations, privileges and benefits owed to him as an employee resulting from his misclassification.

2. Defendant is one of the leading corn flour and tortilla producers in the world.

3. As a ploy to avoid compensating its workers a regular rate of pay, overtime pay, health benefits, and other benefits companies are legally obligated to provide to employees, Gruma has carved out a business model where it designates its employees as independent contractors by calling them "Distributors" and requiring them to sign "Store Door Distributor Agreements" ("Distribution Agreement").

4. Gruma forces these Distributors to purchase Gruma's products and resell them to large multi-location retailers ("Chain Stores"), at prices negotiated between Gruma and the Chain Stores to the exclusion of Distributors, who have no input or ability to negotiate these prices.

5. As a result of this scheme, Gruma retains the profits realized by requiring Distributors to purchase its products and resell to customers, while refraining from paying the Distributors any wages or benefits and making improper reductions from Distributor's wages.

**PARTIES**

6. Plaintiff, Gerald Hurm, is a resident of Marion County, Indiana and formerly worked for Gruma as a distributor from on or about September 2014 to April 2018. During this time, Plaintiff delivered and picked up products and performed merchandising duties of these products on behalf of Defendant in New York and New Jersey. During the relevant time, Plaintiff regularly worked over 60 hours per week and did not receive overtime pay at any time or any other employment benefits.

7. Defendant Gruma Corporation is a Nevada corporation with its principal place of business in Irving, TX. Gruma conducts business as "Mission Foods" within the state of New York. Grumas conducts business through distribution facilities in New York, among other states, and hires individuals to distribute its products by delivering them to grocery stores and stocking the products in the stores.

8. Pursuant to New York Labor Law § 2159(2)(b), the New York State Attorney General's Office is being notified of the commencement of this action.

## STATEMENT OF FACTS

### Background Facts

9. The business of Gruma consists of manufacturing, delivering, and selling baked goods and other related products under brand names such as Mission, Guerrero, and Calidad.

10. Gruma, by and through its subsidiaries, ships these goods and products to its warehouses. Drivers go to warehouses, load their vehicles and deliver the products to Defendants' customers.

11. Drivers must deliver products to Chain Stores at times and places they are directed, without input.

12. Defendant and its affiliates use contracted workers ("Distributors"), such as Plaintiff, within New York to deliver goods, stock the shelves, and rotate merchandise for Defendant's customers. These written contracts are referred to as Store Door Distributions Agreements.

13. Gruma classifies these workers as independent contractors as part of a willful scheme to save money, as independent contractors are not entitled to certain employment benefits and must pay for certain equipment that employees would not have to pay for.

14. Because of this wrongful misclassification, Distributors are deprived of these benefits and incur significant costs and risk.

### Distribution Agreements

15. On August 6, 2014, Plaintiff entered into a Distribution Agreement with Gruma. (Ex. A).

16. This Distribution Agreement was drafted by Gruma and is nearly identical to the agreements signed by all other Distributors for Gruma and is non-negotiable.

17. In the Distribution Agreements, Gruma included terms that control the work performed by Plaintiff.

18. Specifically, the Distribution Agreement included the following terms:

   a. "Title and risk of loss to the Products shall pass to Distributor upon delivery of the Products to Distributor" (Ex. A, ¶ 4a);

   b. The prices of Products are set forth by Gruma (Ex. A, ¶ 4b);

   c. Gruma has the exclusive authority to change the prices of these Products (Ex. A, ¶ 4b);

   d. Gruma sets forth the suggested prices at which Plaintiff is to sell the Products to customers (Ex. A, ¶ 4b);

   e. Gruma assigned Plaintiff a certain geographical area for where he is restricted to deliver product (Ex. A, ¶ 2a-c);

   f. Plaintiff must meet certain dress and grooming standards while performing work for Gruma (Ex. A, ¶ 7b);

   g. Plaintiff is explicitly restricted from delivering any products to customers which are competitive with Gruma's products (Ex. A, ¶ 7c);

   h. It is completely up to Gruma's discretion whether certain products are "competitive" with Gruma's products (Ex. A, ¶ 7c);

   i. Plaintiff must allow Gruma to inspect any vehicles he uses to deliver Gruma products (Ex. A, ¶ 7d);

   j. Plaintiff must maintain vehicle insurance and provide Gruma with a certificate of said insurance (Ex. A, ¶ 7e).

    k.   Plaintiff is required to utilize handheld accounting systems, if provided to them by Gruma (Ex. A, ¶ 7g);

    l.   Gruma has sole control to terminate the Distribution Agreement as long as one element, out of a list of many, is met (Ex. A, ¶ 10a); and

    m.   Other terms via which Gruma controls Plaintiff.

19. These terms are ones normally reserved for employees rather than independent business owners.

**Chain Stores**

20. The vast majority of products delivered by Plaintiff were to Chain Stores which include supermarkets, convenience stores, and other food stores.

21. Chain Stores allocate certain space within their stores for Gruma products, thereby restricting distributors from expanding their business in any meaningful way without those locations.

22. Plaintiff did not, and was not able to, negotiate this space, as it is solely within the control of Gruma and the Chain Store as to where these products can be stocked within the store.

23. Plaintiff was entirely unable to change the price of products being sold to Chain Stores, as those prices were negotiated between Gruma and the Chain Store.

24. Plaintiff was unable to negotiate prices with Chain Stores, as Chain Stores refuse to do business with independent distributors and the prices are wholly within the purview of Gruma's control.

25. Gruma and Chain Stores utilize handheld accounting systems, which are preprogrammed with the prices for products as fixed between Gruma and the Chain Stores.

NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 06/11/2021
Case 7:21-cv-05689-UA   Document 1-1   Filed 06/30/21   Page 8 of 14

26. Plaintiff was required to utilize the handheld accounting systems for all transactions with Chain Stores.

27. Plaintiff was required to purchase products directly from Gruma in order to deliver said products to Chain Stores.

28. As Plaintiff did not have the ability to negotiate prices with Chain Stores, Gruma held complete control over that aspect of Plaintiff's ability to deliver products.

**Plaintiff's Employment with Gruma**

29. In September 2014, Plaintiff purchased his route for $153,000 from another Distributor.

30. By purchasing the route, Plaintiff was permitted to deliver Gruma products within a limited certain geographical area.

31. Between the time of purchasing the route and the time of selling the route in April 2018, Plaintiff serviced approximately 30 stores or locations.

32. Of those 30 stores and locations services, approximately 28 were Chain Stores.

33. In 2017, a Wegman's (a Chain Store) location opened up within Plaintiff's designated territory.

34. Plaintiff attempted to deliver products to that location, but Defendant prevented him from doing so, as his district manager told him that Mission would be delivering products directly to that location, completely cutting him out of any sales there.

35. Plaintiff performed work for Gruma on average 60+ hours per week, working 6 or 7 days per week.

36. Plaintiff was performing work for Gruma on a full-time basis, which restricted his ability from performing work for other employers.

37. Plaintiff's work performed for Gruma did not include any special skills, as defined by the relevant law.

38. Plaintiff delivered Gruma's products to Chain Stores and other retailers, thereby providing an integral service for Gruma.

39. On a regular basis, Defendant and Chain Stores would negotiate decreased prices for certain products for promotions within those Chain Stores. When this would occur, Plaintiff would be required to sell the products to Chain Stores at a lower price—normally at around a 20-25% discount. However, Chain Stores (e.g., Shoprite) would still sell those items at the regular price and would pocket the discount provided by Defendant.

40. Plaintiff never received overtime pay or other benefits required to be afforded to employees under state law.

41. Plaintiff was restricted from selling products which compete with those produced and sold by Gruma.

42. Plaintiff also was made to compete with Defendant, as Defendant directly delivered product to Chain Stores, which included the same products which Plaintiff delivered to those locations.

43. Regarding the products Defendant delivered directly to their Chain Store customers, the products would be in slightly different packaging and priced lower than the products Plaintiff delivered to those stores, as Plaintiff was prevented by Defendant from decreasing (or increasing) the prices of goods delivered to Chain Stores.

44. Plaintiff was treated as an independent contractor, despite Gruma exerting the necessary control over him, which would qualify him as an employee under state law.

45. Defendant modified Plaintiff's product orders, without his prior consent, normally in regard to new product.

46. Plaintiff was unable to refuse the additional product and was forced to deliver it to Chain Stores, regardless of whether there was enough space on the display for the product.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME UNDER NYLL

47. Plaintiff reiterates and realleges each and every allegation contained in the previous paragraphs as if set forth in full herein.

48. Defendant failed to pay overtime wages to Plaintiff as required by NYLL Art. 6 and 9 and their implementing regulations, 12 NYCRR § 138-2.1., *et seq*.

49. Defendant's failure to pay overtime was willful.

50. Defendant's failure to comply with New York state law caused Plaintiff to suffer loss of wages and interest thereon.

### SECOND CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS
### (NYLL § 193)

51. Plaintiff reiterates and realleges each and every allegation contained in the previous paragraphs as if set forth in full herein.

52. NYLL § 193 prohibits employers from making any deduction from the wages of an employee except for certain enumerated deductions.

53. Defendant had a policy and practice of making chargebacks on independent contractor payments for stale product and other reasons which are wrongful and unlawful.

54. Defendant's failure to comply with this provision of the NYLL has caused damages to Plaintiff.

### THIRD CAUSE OF ACTION

## UNJUST ENRICHMENT

55. Plaintiff reiterates and realleges each and every allegation contained in the previous paragraphs as if set forth in full herein.

56. Throughout Plaintiff's years of employment for Defendant, Plaintiff conferred multiple benefits upon Defendant, including loyal services and employment.

57. Defendant expressed knowledge of the services rendered by Plaintiff and knowing and willingly accepted and retained the benefits that resulted from Plaintiff's work.

58. In fact, Defendant requested, directed, and controlled many of the actions taken by Plaintiff, which led to the benefits Defendant enjoyed.

59. Defendant intentionally and willfully misclassified Plaintiff as an independent contractor throughout the term of his employment.

60. Defendant benefited in multiple ways by Plaintiff's services and misclassification, including and enjoying a preserved public image, being seen by the public in a positive light through times of adversity, avoiding tax obligations that would have been incurred had Plaintiff been properly classified, avoiding provided benefits such as pension plans, profit sharing plans and welfare health benefit plans to Plaintiff during his employment and other benefits that will become known through the course of discovery.

61. The circumstances are such that it would be wholly inequitable for Defendants to retain such benefits without paying for them.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant and asks the Court to issue a judgment and order granting Plaintiff the following relief:

a. Declaring that Defendant willfully violated the NYLL

b. Awarding Plaintiff compensatory damages for unpaid wages under the NYLL;

c. Declaring that Defendant misclassified Plaintiff;

d. Awarding Plaintiff liquidated damages;

e. Awarding Plaintiff punitive damages;

f. Awarding Plaintiff attorney's fees, expert fees and litigation expenses;

g. Awarding Plaintiff prejudgment and post-judgment interest; and

h. Awarding Plaintiff the costs and disbursements and such other and further legal and/or equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of facts and damages contained herein.

Dated: June 11, 2021
Chestnut Ridge, New York

Yours, etc.

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**

By: _____
Randy J. Perlmutter
Sam B. Smith
747 Chestnut Ridge Road - Suite 200
Chestnut Ridge, NY 10977
Tel: (845) 356-2570
Fax: (845) 356-4335
rperlmutter@kgglaw.com
ssmith@kgglaw.com
*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------------x
GERALD HURM,

                      Plaintiff,          Index No. 033234/2021

    - against -

                                              **ATTORNEY VERIFICATION**

GRUMA CORPORATION d/b/a MISSION FOODS
and GUERRERO MEXICAN FOOD PRODUCTS,

                    Defendant
-----------------------------------------------------------------------x

    I am an attorney with the firm of Kantrowitz, Goldhamer & Graifman, P.C., attorneys for the Plaintiff herein; I have read the foregoing Complaint and know the contents thereof; that the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true. This verification is made by affirmant and not by Plaintiff, as Plaintiff resides outside of the county wherein affirmant maintains his office, to wit: Rockland County. The basis of my information, knowledge and belief, are books, records and documentation provided by my client. I hereby affirm the foregoing verification under the penalties of perjury.

                                                                         Sam B. Smith, Esq.

SUPREME COURT
OF THE STATE OF NEW YORK

COUNTY OF ROCKLAND

**GERALD HURM**

Plaintiff,

INDEX# 033234/2021

--- AGAINST ---

AFFIDAVIT OF SERVICE

**GRUMA CORPORATION, ET. AL.**

Defendant,

STATE OF NEW YORK)
)SS.
COUNTY OF ALBANY )

BILLIE JO WILLIAMS being duly sworn, deposes and says:

That is over the age of eighteen years and is not a party to this action.

That on the 17th day of June, 2021, served the Summons and Verified Complaint, Notice of Electronic FIling at 2:30 p.m. on GRUMA CORPORATION, an authorized foreign corporation, one of the defendants in this action by personally delivering to and leaving with a person, COLLEEN BANAHAN, white female, short brown hair, light eyes, approximately 33 years old, 5'6 tall, and 250 lbs. authorized by the Secretary of State to receive such service, at the office of the Department of State in the City of Albany, New York, duplicate copies thereof together with the sum of $40.00 (forty dollars), the statutory fee.

_____
BILLIE JO WILLIAMS

Sworn before me this
17th day of June, 2021

_____
LAWRENCE A. KIRSCH
4787475
Notary Public - State of New York
Residing in Albany County
Commission Expires May 31, 2023